UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SALINAS,<br><br>                              Plaintiff,<br><br>v.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                              Defendant. | Case No.:  26-CV-826 TWR (DDL)<br><br>**ORDER (1) GRANTING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*, AND (2) GRANTING PLAINTIFF LEAVE TO ELECTRONICALLY FILE DOCUMENTS**<br><br>(ECF Nos. 2, 3) |

Presently before the Court is Plaintiff Jacob Salinas' Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2) and Motion for Leave to Electronically File Documents ("ECF Mot.," ECF No. 3).  For the reasons below, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis* and **GRANTS** Plaintiff leave to electronically file documents.

### MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and

/ / /

/ / /

1

administration fees totaling $405.00.[1]  28 U.S.C. § 1914(a).  A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed *in forma pauperis* ("IFP") by submitting an affidavit demonstrating the fees impose financial hardship.  *See* 28 U.S.C. § 1915(a); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobedo*, 787 F.3d at 1234.  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id*.  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Plaintiff's affidavit avers that his total monthly expenses are $3,551.00.  (*See* IFP Mot. at 4–5.)  The affidavit further avers that Plaintiff was previously employed with a gross monthly pay of $3,500.00 until January 10, 2026,[2] and that he currently receives $2,733.00 monthly from disability payments and has a total of $8.26 in bank.  (*See* IFP Mot. at 2.)  Plaintiff also indicates that his disability payments will end on February 20, 2026.[3]  The Court therefore finds that Plaintiff is unable to pay the $405.00 filing fee and **GRANTS** Plaintiff's request to proceed IFP.

### MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS

"Except as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System.  S.D. Cal. CivLR 5.4(a).  "A pro se party seeking leave to electronically file documents must file and motion and

---

[1]  In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id*.

[2]  Plaintiff's affidavit provides the year 2025, but given the context of Plaintiff's complaint and the present motions, the Court understands the year to be 2026.

[3]  *See supra* note 2.

demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administration Policies and Procedures Manual." *Id.*

Plaintiff's Motion for Leave to Electronically File Documents sufficiently demonstrates that he has the proper equipment to file electronically in accordance with Civil Local Rule 5.4(a) and the CM/ECF Administrative Policies and Procedures Manual. (*See generally* ECF Mot.)  Accordingly, the Court **GRANTS** the Motion.

**IT IS SO ORDERED.**

Dated:  February 19, 2026

_____
Honorable Todd W. Robinson
United States District Judge

3

26-CV-826 TWR (DDL)